UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. <u>18-20141-cr-MOORE/SIMONTON</u>

UNITED STATES OF AMERICA

v.

JUAN CARLOS RODRIGUEZ,
a/k/a "El Doctor,"

        **Defendant.**

_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Juan Carlos RODRIGUEZ, a/k/a "El Doctor," (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Counts 15 through 17 of the Indictment, which counts charge the defendant with selling, offering to sell, bartering, and offering to barter migratory birds, in violation of the Migratory Bird Treaty Act, Title 16, United States Code, Sections 703 and 707(b)(2).

2. The elements of this Offense are:

    (1): That the defendant sold, offered for sale, bartered, or offered to barter any migratory bird; and

    (2): That the defendant did so knowingly.

3. This Office agrees to seek dismissal of Counts 1 through 14 and 18 of the Indictment, as to this defendant, after sentencing.

4. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter

1

"Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

5. The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to two years per Count, followed by a term of supervised release of up to one year per Count. These sentences of imprisonment may be run consecutively, for a total sentence of six years' imprisonment. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 per Count or twice the gross gain or loss and may order forfeiture and restitution.

6. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 5 of this agreement, a special assessment in the amount of $300

2

will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

7. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

8. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office further agrees to recommend that the defendant be sentenced within the guideline range, as that range is determined by the Court. This Office, however, will not be required to make this motion and these recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete

disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

9. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

(1). <u>Commercial Purpose</u>: That the defendant should receive a two-level increase because the offense was committed for pecuniary gain or otherwise involved a commercial purpose, or involved a pattern of similar violations pursuant to Section 2Q2.1(b)(1) of the Sentencing Guidelines.

(2). <u>Loss</u>: That the defendant should receive a two-level increase for the relevant amount of actual, probable or intended loss resulting from the offenses committed, which is greater than $6,500 but less than or equal to $15,000, under Section 2B1.1(b)(1)(B) of the Sentencing Guidelines.

(3). <u>Use of Special Skill</u>: That the defendant should receive a two-level increase for use of a special skill in the commission of the offense pursuant to Section 3B1.3 of the Sentencing Guidelines.

10. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court impose a sentence within the advisory sentencing guideline range produced by application of the Sentencing Guidelines. If however, probation determines that the defendant's offense level exceeds Zone B of the

Sentencing Table, the Office agrees that the defendant may argue for a downward variance to a sentence within Zone B of the Sentencing Table. The Office will oppose any such downward variance.

11. The defendant further agrees to forfeit to the United States voluntarily and immediately all property constituting, or derived from proceeds obtained, directly or indirectly, as a result of the violations and any property used, or intended to be used, in any manner or part, to commit or facilitate the commission of the violations. The property includes, but is not limited to:

    (a)    Bird cages;

    (b)    Bird traps;

    (c)    Bird seed; and

    (d)    Migratory birds.

12. The defendant also agrees to fully cooperate with the Government in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all rights, title, and interest, regardless of their nature or form, in all assets, including real and personal property, cash and other monetary instruments, wherever located, which the defendant or others to the defendant's knowledge have accumulated as a result of illegal activities. Such assistance will involve the defendant's agreement to the entry of an order enjoining the transfer or encumbrance of assets that may be identified as being subject to forfeiture, including but not limited to those specific real and personal properties set forth in the forfeiture counts of the indictment. Additionally, defendant agrees to identify as being subject to forfeiture all such assets, and to assist in the transfer of such property to the United States by delivery to this Office upon this Office's request, all necessary and appropriate documentation with respect to said assets,

including consents to forfeiture, quit claim deeds and any and all other documents necessary to deliver good and marketable title to said property.

13. The defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of the assets in any judicial or administrative proceeding, including any claim or defense under the Eighth Amendment to the United States Constitution; waives any applicable time limits to the initiation of administrative or judicial proceedings, and waives any right to appeal the forfeiture.

14. The defendant further agrees that forfeiture is independent of any assessments, fines, costs, restitution orders, or any other penalty that may be imposed by the Court.

15. Defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a natural-born citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which defendant is pleading guilty. In addition, under certain circumstances, denaturalization may also be a consequence of pleading guilty to a crime. Removal, denaturalization, and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. Defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's denaturalization and automatic removal from the United States.

16. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office,

or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 4 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

17. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY

Date: 5/11/18      By: _____
JAIME A. RAICH
ASSISTANT UNITED STATES ATTORNEY

Date: 5/9/18       By: _____
KATIE CARMON, AFPD
ATTORNEY FOR DEFENDANT

Date: 5/9/18       By: _____
JUAN CARLOS RODRIGUEZ
DEFENDANT