UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-20141-CR-MOORE/SIMONTON

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JUAN CARLOS RODRIGUEZ,

      Defendant.

_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

THIS CAUSE was referred to the undersigned Magistrate Judge by the Honorable K. Michael Moore, Chief United States District Judge, to conduct a proceeding for acceptance of a guilty plea by Defendant JUAN CARLOS RODRIGUEZ.   Based upon the change of plea hearing conducted on May 11, 2018, this Court makes the following findings, and recommends that the guilty plea be accepted, and that the Defendant be adjudicated guilty of the offense to which he has pled guilty.

1.   On May 11, 2018, this Court convened a hearing to permit the Defendant to enter a change of plea in the aforementioned matter.   At the outset of the hearing, this Court advised the Defendant of his right to have these proceedings conducted by the District Judge assigned to the case.   Further, this Court advised the Defendant that this Court was conducting the change of plea hearing pursuant to an Order of Reference from the District Court and at the request of the Defendant, the Defendant's attorney and the Assistant United States Attorney assigned to this case.   This Court further advised the Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning the Defendant's sentence and would conduct a sentencing hearing at a time set by the District Court.

2.   This Court advised the Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request

that the change of plea hearing be conducted by a United States District Judge.   The

Defendant, the Defendant's attorney and the Assistant United States Attorney all

consented on the record to this Court conducting the change of plea hearing.

3.   This Court conducted a plea colloquy in accordance with the outline set forth in

the Bench Book for District Judges.

4.   There is a written plea agreement which has been entered into by the parties in

this case.   This Court reviewed that plea agreement on the record and the Defendant

acknowledged that he understood each term of the plea agreement and that he had signed

the plea agreement.   This Court also made certain that the Defendant was aware of the

maximum sentence which could be imposed in this case pursuant to that plea agreement

and the applicable statutes, including forfeiture and restitution.

5.   The Defendant pled guilty to Counts 15, 16, and 17 of the Indictment, which

each charge him with, on separate specified dates, selling, offering to sell, bartering and

offering to barter migratory birds, in violation of the Migratory Bird Treaty Act, 16 U.S.C.

§§703 and 707(b)(2).   The Government has agreed to dismiss the remaining counts of the

Indictment against this Defendant after sentencing.

6.   To set forth the factual basis for the entry of the plea, the Defendant and the

Government submitted a written Factual Proffer.   The Government orally summarized the

written factual proffer in Court.   The Factual Proffer established all of the essential

elements of the crime to which the Defendant is pleading guilty.   The Defendant

acknowledged that the statement of facts contained in the proffer and summarized at the

hearing was accurate, and that he had signed and agreed with the written factual proffer.

The Defendant clarified at the hearing, that he did not admit to the actual use of the

trapping technique known as "pega," but did admit that, as stated in the proffer, he told an

undercover agent that he had used this technique.   All parties agreed that this statement

by the Defendant did not affect the plea agreement or the sufficiency of the factual proffer. The Court advised the Defendant that, as to each of the three counts to which he was pleading guilty, there is a statutory maximum potential sentence of two years, followed by a term of supervised release of up to one year, a fine of up to the greater of $250,000 or twice the gross gain or loss resulting from the offenses, forfeiture, restitution, and a mandatory special assessment of $100.00.   The Defendant was advised that each of the sentences could run consecutively to each other.   The Defendant acknowledged that he understood the possible maximum penalties that could be imposed in his case.

7.   Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that the Defendant is fully competent and capable of entering an informed plea, that the Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses.   Therefore, this Court recommends that the Defendant be found to have freely and voluntarily entered his guilty plea to Counts 15, 16 and 17 of the Indictment filed in this case, as more particularly described herein, and that the Defendant be adjudicated guilty of those offenses.

8.   A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office.   The sentencing date is July 19, 2018, at 2:00 p.m. in Miami, Florida.   The Defendant remains on bond pending sentencing.   The Defendant was advised to be prepared to self-surrender immediately after sentencing to begin service of any term of imprisonment imposed.

Therefore, it is hereby

RECOMMENDED that Defendant JUAN CARLOS RODRIGUEZ'S plea of guilty be accepted, that the Defendant be adjudicated guilty of the offenses to which he has entered

his plea of guilty and that a sentencing hearing be conducted for final disposition of this matter.

The parties will have fourteen calendar days from the date of service of this Order within which to file written objections, if any, for consideration by the United States District Judge to whom this case is assigned.   Any request for an extension of this deadline must be made within seven calendar days from the date of this Report and Recommendation.   Pursuant to Fed. R. Crim. P. 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.   *See Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED in Miami, Florida, on May 14, 2018.

ANDREA M. SIMONTON
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:
Hon. K. Michael Moore, Chief U.S. District Judge
All Counsel of Record
U. S. Probation Office
U. S. Marshal